584 So.2d 1080 (1991)
STATE of Florida, Petitioner,
v.
Richard DURKEE and Michael Weier, Respondents.
No. 91-295.
District Court of Appeal of Florida, Fifth District.
August 8, 1991.
Rehearing Denied September 10, 1991.
Lawson Lamar, State Atty. and Paula C. Coffman, Asst. State Atty., Orlando, for petitioner.
Warren W. Lindsey, Michael J. Snure, and David A. Henson of Muller, Kirkconnell, Lindsey and Snure, Winter Park, for respondents.
PER CURIAM.
The state seeks certiorari review of a final order of the circuit court acting in its appellate capacity in the companion cases *1081 involving Richard Durkee and Michael Weier. The state claims that the circuit court departed from the essential requirements of law in holding that the refusal of the state through the arresting officer to afford a post-arrest blood test upon demand could constitute a due process violation that could mandate dismissal of the charge of driving under the influence (DUI).[1]

FACTS AS TO DURKEE:
Richard Durkee was arrested for DUI after he was stopped and field-tested by a patrol officer. He was then taken to the Breath Test Unit and tested for blood-alcohol. The result of the tests were .128 and .130, both in excess of the presumptive impairment level of .10.
After charges were filed in court Durkee moved to dismiss, and for other sanctions, based upon the following facts:
4. That during the videotaping procedure, Mr. Durkee is read his Implied Consent. After said Implied Consent is read to him, he asked several times for the opportunity to have a blood test. Both the arresting officer and the intoxilyzer operator told Mr. Durkee several times that they would not allow him to have a blood test.

5. That Mr. Durkee repeatedly asked the opportunity to have a blood test. Mr. Durkee advised the arresting officer and the technician that he would take the breath test if he could also take a blood test. He also specifically requested the opportunity to be taken to a hospital to have a blood test. Obviously frustrated in his requests to be able to also have a blood test, Mr. Durkee also requested legal advice and the opportunity to speak with an attorney. Mr. Durkee was given legal advice by the intoxilyzer operator that he did not have the right to speak with an attorney or to consult with an attorney at that time. (emphasis added).
The trial court denied Durkee's motion to dismiss but granted the alternative relief of suppressing Durkee's post-arrest breath test results, finding a clear violation of Durkee's right to conduct discovery by obtaining an independent blood test as authorized by section 316.1932(1)(f)3 of the Florida Statutes (1989). The trial court also held that the requested sanction of dismissal was inappropriate because of the existence of other evidence.

FACTS AS TO WEIER:
Michael Weier was also stopped, field-tested and taken to the testing unit for videotaping and intoxilyzer testing. Weier tested .168 and .178. After being charged in court Weier filed a motion to dismiss and for other sanctions. At the motion hearing the trial court received into evidence the deposition of Deputy Green, Deputy Green's arrest affidavit, the videotape of Weier performing field sobriety tests, and the proffer of Weier's testimony (accepted by the state) that Weier requested a drug/blood test because Weier did not trust the accuracy of the breath testing machine. Based on these undisputed facts which revealed (1) that Weier requested an independent blood test both prior and subsequent to taking the breath test offered by the arresting officer; and (2) that the arresting officer (and technician) refused to honor Weier's numerous requests for an independent test  the trial court entered an order dismissing the case based upon a finding that Weier's due process rights had been violated.

CIRCUIT COURT ANALYSIS:
The circuit court held that dismissal, rather than suppression, is the appropriate remedy when the state unreasonably thwarts or interferes with an accused's due process right to obtain potentially exculpatory evidence in the form of an independent blood test as codified in section 316.1932(1)(f)3. The circuit court therefore affirmed the trial court's order dismissing Weier's case. The circuit court reversed the order suppressing the state's evidence in Durkee's case and remanded the cause to the trial court to determine whether a due process violation had occurred which would warrant dismissal.
The state filed a motion for rehearing/clarification. The circuit court denied *1082 the state's motion, holding that its appellate ruling was neither ambiguous nor contradictory. The court reiterated that suppression of breathalyzer results is not an available sanction for failure to obtain a post-arrest blood test even if the failure is attributable to the state. However, the circuit court held that if the trial court finds in Durkee's case that the state has interfered with the right of Durkee to obtain exculpatory evidence, and if such action rises to the level of a denial of due process of law, then dismissal of the cause would be appropriate.
The state seeks certiorari review of the final order of the circuit court acting in its review capacity. Fla.R.App.P. 9.030(b)(2)(B). The state claims that the circuit court departed from the essential requirements of law in holding that the state's refusal to afford a post-arrest blood test upon demand constituted a due process violation which mandated dismissal of the charge for DUI against Weier and (possibly) against Durkee. This determination involved construction of section 316.1932(1)(f)3 which states:
The person tested may, at his own expense, have a physician, registered nurse, duly licensed clinical laboratory technologist or clinical laboratory technician, or other person of his own choosing administer a test in addition to the test administered at the direction of the law enforcement officer for the purpose of determining the amount of alcohol in his blood or the presence of chemical substances or controlled substances at the time alleged, as shown by the chemical analysis of his blood or urine, or by chemical or physical test of his breath. The failure or inability to obtain an additional test by a person shall not preclude the admissibility in evidence of the test taken at the direction of the law enforcement officer. (emphasis added).
As was said, the county court granted Durkee's motion to suppress the breath test results based upon violation of his statutory right to obtain the independent test. The trial court also held that the requested sanction of dismissal was inappropriate because of the existence of other inculpatory evidence. The state appealed the order granting suppression to the circuit court  and came to regret that it did so.
The state argued (erroneously) to the circuit court that it was not obligated to honor an arrestee's statutory right to an independent blood test and that the last sentence of section 316.1932(1)(f)3, emphasized in the above quotation, precluded the sanction of suppression. Although the circuit court properly rejected the first part of this argument, it unfortunately agreed with the state's latter contention and held that dismissal, rather than suppression, is the only appropriate remedy when the state prevents a citizen from obtaining potentially exculpatory evidence in the form of an independent blood test. The circuit court reversed the trial court's suppression order and remanded the cause to the trial court, ostensibly to determine whether there was a due process violation sufficient to warrant dismissal. The state has petitioned for certiorari review.
We hold now that the trial court was correct in its reading of section 316.1932(1)(f)3 in the Durkee case. The circuit court was wrong in its conclusion that suppression of breathalyzer results is not an available sanction for the state's wrongful refusal of a defendant's request for an independent blood test. The last sentence of the statute, which alludes to a person's failure or inability to obtain an additional test, simply does not contemplate the situation where the test is prevented by state action. It refers to a person's inactivity or inability (e.g., facilities were not available, the defendant becomes ill or unconscious, a mistake at the testing facility invalidates the result, etc.), not to the conduct of the state. The state's refusal to allow such a test should not be equated with the statute's reference to a person's "inability" to obtain an additional test. That portion of the statute should not be read as encompassing active wrongdoing by the state, which is the situation in the instant case.
*1083 The trial court, confronted with that wrongdoing in the Durkee case, properly resorted to the sanction provided to it by Florida Rule of Criminal Procedure 3.220(n). See Louissaint v. State, 576 So.2d 316 (Fla. 5th DCA 1990). One of those enumerated sanctions available to the trial court is suppression of evidence. Therefore, the circuit court should have affirmed the action of the county court in Durkee despite the erroneous argument by the state. Only an affirmative finding of bad faith on the part of the police would warrant a dismissal based on denial of due process, as we recently explained in Louissaint. See Arizona v. Youngblood, 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988), rehearing denied, 488 U.S. 1051, 109 S.Ct. 885, 102 L.Ed.2d 1007 (1989); see also California v. Trombetta, 467 U.S. 479, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984). As stated in Trombetta:
Whatever duty the Constitution imposes on the States to preserve evidence, that duty must be limited to evidence that might be expected to play a significant role in the suspect's defense. To meet this standard of constitutional materiality, see United States v. Agurs, 427 U.S. 97 at 109-110, 96 S.Ct. [2392] at 2400 [49 L.Ed.2d 342 (1976)] evidence must possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means.
104 S.Ct. at 2534.
In the case of Michael Weier, the county court found that the defendant's request for an independent blood test was wrongfully refused by the state, that this automatically constituted a denial of his due process rights, and, therefore, Weier was entitled to a dismissal of the case against him. This precipitant conclusion by the county court, without the analysis required by Youngblood and Trombetta, was in error. The state appealed and the circuit court, which should have reversed, agreed with the trial court and affirmed. There was no appropriate constitutional analysis and no consideration of any sanction other than dismissal.
Accordingly, we grant certiorari in the Durkee case, quash the order of the circuit court, and reinstate the order of suppression entered by the county court. We also grant certiorari in Weier and quash the circuit court order of affirmance with directions that the trial court's order of dismissal be reversed and the cause be remanded to the county court for further proceedings consistent with Youngblood, Trombetta, Louissaint, and a correct reading of section 316.1932(1)(f)3.
It is so ordered.
DAUKSCH, COBB and DIAMANTIS, JJ., concur.
NOTES
[1] § 316.193, Fla. Stat. (1989).