625 So.2d 907 (1993)
STATE of Florida, Appellant,
v.
Stephen Lee SAYLOR, and Lee Ernest Oakley, Appellees.
Nos. 92-00081, 92-01551.
District Court of Appeal of Florida, Second District.
October 15, 1993.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Stephen A. Baker, Asst. Atty. Gen., Tampa, for appellant.
*908 Samuel R. Hillman, Clearwater, for appellee Saylor.
John M. Edman, Clearwater, for appellee Oakley.
DANAHY, Acting Chief Judge.
We have consolidated these two cases for disposition because each involves the same legal issue and the facts pertinent to that issue are the same in both cases. In both cases the County Court of Pinellas County granted the appellants' motions to suppress the results of breath tests taken for the purpose of determining blood alcohol content. We reverse the order of suppression in each case.
The appellants were arrested at separate times and places in Pinellas County and investigated for DUI. In connection with that investigation a law enforcement officer requested each appellant to submit to a breath test. Each appellant requested that he be permitted to perform an independent blood alcohol test. These requests were denied with the explanation that law enforcement policy did not authorize or require that a blood alcohol test be made available to a DUI arrestee upon request.
The orders of suppression were entered on the authority of a decision of the Fifth District Court of Appeal in State v. Durkee, 584 So.2d 1080 (Fla. 5th DCA), cause dismissed, 592 So.2d 682 (Fla. 1991). In Durkee, the court's opinion was based on the premise that section 316.1932(1)(f)3 (section 3) confers a discovery right on the part of a DUI arrestee to obtain a blood alcohol test upon request and that the denial of that request justifies the sanction of suppression under Florida Rule of Criminal Procedure 3.220(n). Section 3 reads:
The person tested may, at his own expense, have a physician, registered nurse, other personnel authorized by a hospital to draw blood, or duly licensed clinical laboratory director, supervisor, technologist, or technician, or other person of his own choosing administer a test in addition to the test administered at the direction of the law enforcement officer for the purpose of determining the amount of alcohol in his blood or breath or the presence of chemical substances or controlled substances at the time alleged, as shown by a chemical analysis of his blood or urine, or by chemical or physical test of his breath. The failure or inability to obtain an additional test by a person shall not preclude the admissibility in evidence of the test taken at the direction of the law enforcement officer.
The initial forerunner of section 3 was enacted by the legislature in 1967. Ch. 67-308, § 1(2)(c), Laws of Fla. Thus, whatever right section 3 describes has been part of Florida law for twenty-five years; yet the decision in Durkee is the only appellate decision we have found which interprets the section as conferring a discovery right.[1] The issue, of course, is a matter of first impression before this court. We do not agree with the decision in Durkee and choose a path which leads to the conclusion that in each of the cases before us there was no denial by law enforcement of a discovery right of the appellant to obtain a blood alcohol test in addition to the breath test administered by law enforcement.
We have no disagreement with the reasoning expressed in the Durkee decision. We depart from Durkee because we disagree with its premise that, as a matter of statutory interpretation, section 3 confers a discovery right. The Durkee court assumed this to be the case without discussion. We hold, that, as a matter of statutory interpretation, section 3 does not confer a discovery right and thus there was no improper law enforcement conduct in these two cases which justified the county court in suppressing the breath test results. We are persuaded by the state's argument in these cases that the legislature, in enacting the forerunner of section 3 twenty-five years ago, did not intend to confer a discovery right under rule 3.220.
If the statute conferred a discovery right, that right would belong to all DUI arrestees, *909 including indigent arrestees and those who might not have cash or a credit card to pay the costs of a chemical test for blood alcohol content administered at a hospital. Thus, law enforcement could not rely on taking an arrestee to a hospital for such a test at his request as a means of accommodating the discovery right. Further, taking the arrestee to the hospital would consume the time of at least one law enforcement officer who should be able to return to his regular duties as soon as possible  and, if there were any delay at the hospital in administering the chemical blood alcohol test, the breath test results obtained by law enforcement might be compromised.
There is only one way that law enforcement could accommodate such a discovery right: That is by having on duty at the place of custody, twenty-four hours a day, a person medically qualified to take blood, breath, or urine samples with the equipment necessary to take such samples and preserve them. Presumably, a DUI arrestee's blood, breath, or urine sample would be handed to him at the time of his release. The state would then have to be prepared to defend a challenge to the validity of the sample.
We do not believe the legislature intended to impose this burden on law enforcement or to obligate the state to help an arrestee gather evidence for his defense.
Since a person always has the option to obtain a chemical analysis of his blood, one must ask what the legislature meant by including this language in the statute. Bearing in mind that section 3 was enacted as part of chapter 67-308, Laws of Florida, which first adopted the concept of implied consent, we believe that the entire paragraph is parenthetical and is simply meant to explain that which is always true  any person may obtain his own chemical test for blood alcohol content if he wishes to do so.
These cases reached us by means of certified questions presenting the issue which we have addressed. In accordance with our holding, we answer the first question certified to us in Appellate Case No. 92-01551 in the negative, making it unnecessary to address the other two certified questions; and we answer the certified question in Appellate Case No. 92-00081 in the negative.
We reverse the order of suppression in each of these cases and remand each case for further proceedings.
SCHOONOVER and PARKER, JJ., concur.
NOTES
[1] We note that a footnote in Houser v. State, 474 So.2d 1193, n. 1 (Fla. 1985), states without elaboration that under this section the accused has the "right" to have a sample taken and analysis made by an independent expert. In the context of the issues addressed in Houser, this statement does not appear to us as having any bearing on the issue facing this court in these cases.