ON MOTION FOR REHEARING EN BANC

THOMPSON, Judge.
We have elected to rehear this case en banc.
The state filed a petition for writ of certio-rari seeking review of an order entered by the circuit court of Volusia County sitting in its appellate capacity. In the case, Ronald J. Unruh (“Unruh”) was convicted of driving under the influence (“DUI”).[1] The circuit court’s order reversed the county court’s judgment and sentence in the traffic criminal misdemeanor case because the state’s actions violated Unruh’s due process. We grant the petition for writ of certiorari and quash the circuit court order.
Unruh was arrested by a Florida Highway Patrol trooper and charged with DUI. Un-ruh was transported to the Ormond Beach Police Department where he was asked to take a breathalyzer test after being advised of his implied consent warnings. Unruh told the trooper that he did not like the breathalyzer test because of his experience with breathalyzers in the Army. He stated he preferred a blood test because breathalyzers did not work. He was advised that availability of a blood test was not presently provided for by the state. He was told that his choices were to take the breathalyzer test or to refuse to take the breathalyzer test. He *1012 was told, however, that if he wanted a blood test, he could arrange for the test after he was processed and booked into the Volusia County Jail. Unruh took the breathalyzer test. After taking the breathalyzer test, he never again requested a blood test. He was never told that he could not have a blood test if he arranged it. It is undisputed that he had a phone available to place calls.
Unruh filed a motion seeking to suppress the results of the breathalyzer test due to the state’s alleged denial of the defendant’s request for a blood test. The trial judge denied Unruh’s motion after an evidentiary hearing, finding that the defendant was not denied an opportunity to obtain an independent blood test and that law enforcement does not have an affirmative duty to insure that a defendant receives an independent blood test. Finally, the trial court found that the trooper’s actions did not actively prevent Unruh from receiving an independent blood test. Unruh was tried, convicted of DUI and sentenced.
Unruh appealed to the circuit court, challenging denial of the motion to suppress. The circuit court, sitting in its appellate capacity, reversed the conviction and remanded for a new trial. The circuit court found that Unruh requested but never received the blood test even though the facilities were available in the immediate area. The circuit court noted the apparent conflict between section 316.1932(l)(f)3, Florida Statutes,[2] which provides for the test, and section 311.193(9), Florida Statutes,[3] which requires that a person arrested for driving under the influence shall not be released until the person is no longer under the influence, has a blood alcohol level of less than 0.05 per cent or eight hours has elapsed from the time the person was arrested.
The circuit court reasoned that in order to effectuate section 316.1932(l)(f)3, a person in custody had to be released to go to the nearest hospital or lab for a blood test or be transported there by the custodians when the person was in custody. The court further reasoned that mere access to a telephone and telephone book was insufficient to comply with the legislative requirements set out in the statutes. The court noted that if the arrested person is held for a minimum of eight hours, the exculpatory evidence, i.e. the blood alcohol level content, has dissipated or been eliminated by the normal functions of the human body. The passage of time, in essence, destroyed evidence that could be quantified by an independent blood test. Therefore, the circuit court held that if an accused is to receive a meaningful independent blood test, but may not be released from custody until no longer under the influence, law enforcement has an affirmative duty to transport the accused to a facility which can administer the blood test. Since the state failed to assist Unruh, his due process rights have been violated and the breathalyzer test results should have been suppressed. The circuit court reversed Un-ruh’s conviction and sentence and remanded the ease to the county court for a new trial. The state timely filed this petition for writ of certiorari claiming that the circuit court’s ruling constituted a departure from the essential requirements of law resulting in a miscarriage of justice.
We find that there was a departure from the essential requirements of law and hold that law enforcement did not have an affirmative duty to assist Unruh in securing an independent blood test. The departure constituted a violation of a clearly established principle of law which resulted in a miscar *1013 riage of justice. Combs v. State, 436 So.2d 93 (Fla.1983); see also Fieselman v. State, 566 So.2d 768 (Fla.1990). The circuit court violated the principle that appellate courts must view the evidence below, as well as all reasonable inferences and deductions therefrom, in a manner most favorable to sustaining the trial court’s ruling. See Owen v. State, 560 So.2d 207, 211 (Fla.), cert. denied, 498 U.S. 855, 111 S.Ct. 152, 112 L.Ed.2d 118 (1990); McNamara v. State, 357 So.2d 410, 412 (Fla.1978). “The ruling of the trial court on a motion to suppress comes clothed to us with a presumption of correctness and we must interpret the evidence and reasonable inferences and deductions in a manner most favorable to sustaining the trial court’s ruling.” Owen, 560 So.2d at 211; see also Sommer v. State, 465 So.2d 1339, 1343 (Fla. 5th DCA 1985) (appellate court should not overturn an order denying suppression of evidence if any legal basis to sustain the trial court exists). We do not find that there is a conflict between the two sections. We find that the circuit court has misinterpreted section 316.1932(1)(f)3. When read together, the two sections of the statute can be implemented without doing violence to Unruh’s due process rights.
Initially, we review the statutes in question to determine how the legislature intended that they be implemented from their plain reading. First, by requesting a Florida driver’s license, a driver agrees to be subjected to testing for impairment. § 316.1932(l)(a), Fla.Stat. (1991). Since driving is a privilege and not a right, the state can impose restrictions on the use of the driver’s license. Submitting to an examination to determine one’s impairment is one of the restrictions that the state has imposed. The state can evaluate the degree of impairment by use of a breathalyzer, blood test or urine test. § 316.1932(l)(a), (c), Fla.Stat. (1991). In this particular case, the state chose to test Unruh’s degree of impairment by use of a breathalyzer. Unruh makes no argument as to the validity of the breathalyzer test. He argues that the test should be suppressed, regardless of whether it was accurate or inaccurate, because he was refused the right to a blood test. We do not agree.
The issue is whether law enforcement has an affirmative duty to assist Unruh in obtaining an independent blood test or whether the duty is limited to not interfering with Un-ruh’s attempts to obtain the blood test. Florida law does allow Unruh to have a licensed health care provider or technician “administer a test in addition to the test administered at the direction of the law enforcement officer for the purpose of determining the amount of alcohol in his blood or breath or the presence of chemical substances or controlled substances at the time alleged.” § 316.1932(l)(f)3, Fla.Stat. (1991). The caveat is that evaluation by the person Unruh selects is in addition to the results of the test required by the state. If Unruh fails to arrange the test or is unable to have his independent test performed, that does not affect the admissibility of the test required by the state. § 316.1932(l)(f)3, Fla.Stat. (1991).
We are aware of State v. Saylor, 625 So.2d 907 (Fla. 2nd DCA 1993) and we agree with its holding that section 316.1932(l)(f)3 “does not confer a discovery right and thus there was no improper law enforcement conduct ... which justified the county court in suppressing the breath test results.” Id. at 908. To hold otherwise would require law enforcement to transport the arrested person to a facility for a blood test, at that person’s request. It would also require law enforcement to remain with the arrested person until the test was completed.[4] Arguably, if the person does not have money, it would also require the state to pay for the test. Certainly, the legislature did not intend for a law enforcement officer to be out of service for the time necessary to complete these tests for all persons arrested on the charge of DUI. Nor did the legislature intend for costs of indigents to be paid for by the state.
Further, we do not believe that our holding in State v. Durkee, 584 So.2d 1080 (Fla. 5th DCA), cause dismissed, 592 So.2d 682 (Fla.1991), applies to this case. In Durkee, the state refused the requests of two *1014 arrested persons (Durkee and Weier) for an opportunity to have their blood tested by an independent examiner. Not only were they refused an opportunity to have their blood examined, the state denied they had such a right. The defendant in Durkee requested numerous times to have a blood test and was told that it was not allowed. The defendant also requested to be taken to a hospital for a blood test and to speak to an attorney, but these requests were also denied. The court held that suppression was proper because of the active wrongdoing of the state by refusing to allow an independent test. In the case sub judice, the state never refused Unruh the opportunity to call and arrange for an independent test. They simply stated they would not provide transportation or make the arrangements for the test. Here, the state did not interfere with Unruh’s right to arrange for an independent blood test.
We certify a question of great public importance because of the conflict in the various county courts in Florida on this issue:[5]
IS THE STATE REQUIRED TO TAKE AFFIRMATIVE ACTION TO ASSIST A PERSON IN CUSTODY FOR DUI IN OBTAINING AN INDEPENDENT TEST FOR BLOOD ALCOHOL WHEN IT IS REQUESTED, PURSUANT TO SECTION 316.1932(l)(f)3, FLORIDA STATUTES?
We grant certiorari, quash the order of the circuit court, and reinstate the judgment and sentence entered by the county court.
COBB, GOSHORN, PETERSON and DIAMANTIS, JJ., concur.
HARRIS, C.J., dissents with opinion in which DAUKSCH, W. SHARP, and GRIFFIN, JJ., concur.
GRIFFIN, J., dissents with opinion in which W. SHARP, J., concurs.

. § 316.193, Fla.Stat. (1991).

. Section 316.1932(l)(f)3 provides:
The person tested may, at [the person’s] own expense, have a physician, registered nurse, other personnel authorized by a hospital to draw blood, or duly licensed clinical laboratory director, supervisor, technologist, or technician, or other person of [the person's] own choosing administer a test in addition to the test administered at the direction of the law enforcement officer for the purpose of determining the amount of alcohol in [the person's] blood or breath or the presence of chemical substances or controlled substances at the time alleged, as shown by chemical analysis of [the person's] blood or urine, or by chemical or physical test of [the person’s] breath. The failure or inability to obtain an additional test by a person shall not preclude the admissibility in evidence of the test taken at the direction of the law enforcement officer.
§ 316.1932(l)(f)3, Fla.Stat. (1991).

. § 316.193(9), Fla.Stat. (1991).

. § 316.193(9), Fla.Stat. (1991).

. Some county courts have held that the state has an affirmative duty to assist. E.g. State v. Lemmon, No. 66033-WA (Fla. Volusia Cty. Ct. January 27, 1992); State v. Valdes-Fauli, 46 Fla. Supp.2d 114 (Fla.Dade Cty.Ct.1991); State v. Hastings, 2 Fla.L. Weekly Supp. 81 (Fla.Dade Cty.Ct. 1993). Other county courts have held that the state has no affirmative duty to help. See e.g. State v. Gomisor, 36 Fla.Supp 205 (Fla.Palm Beach Cty.Ct.1989); Galati v. State, 1 Fla.L. Weekly Supp. 162 (Fla. 12th Cir.Ct. 1992).
This issue of the affirmative duty of the state to assist or to not interfere with an independent blood alcohol test is one that has been discussed in many jurisdictions in the country. An excellent review of the debate is found in an article written by John P. Lundington, annotations, DWI-Private Sobriety Test, 45 A.L.R. 4th 11 (1986). The majority rule appears to be that law enforcement must not prevent or hinder an individual's timely and reasonable attempt to obtain an independent examination, but they need not assist. We agree with that rule.