686 So.2d 688 (1996)
STATE of Florida, Appellant,
v.
Jerel Morrison ERWIN, Appellee.
No. 96-122.
District Court of Appeal of Florida, Fifth District.
December 20, 1996.
Rehearing Denied January 15, 1997.
Robert A. Butterworth, Attorney General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Appellant.
Leon B. Cheek, III, Fern Park, for Appellee.
DAUKSCH, Judge.
This is an appeal from an order suppressing blood evidence in a DUI manslaughter case. We reverse.
Two vials of blood were withdrawn from appellee just after the vehicular crash which *689 killed the victim. Those vials were submitted to a laboratory for analysis of blood-alcohol content. The analyst determined the blood-alcohol level to be .21 milligrams per deciliter.
The analyst used all of the contents of a vial to perform his test. The second vial was broken at some time during the period in which it was in the possession of the laboratory.
Because the second vial was broken and contaminated it was rendered useless for appellee's expert's examination, so appellee sought and obtained suppression of the results of the examination of the first vial.
Two factors lead us to reverse the order of suppression.
The first is that there is no duty upon the state or its agents to collect two vials for analysis and there is no due process violation if the state's analysis necessarily consumes the entire contents of the vial. Houser v. State, 474 So.2d 1193 (Fla.1985).
The second is that even if there was a possibility that the second vial contained exculpatory evidence, the appellee was required to show bad faith upon the part of the state in destroying the evidence. Arizona v. Youngblood, 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988) (in cases where the State fails to preserve evidentiary which is potentially exculpatory, the criminal defendant must demonstrate bad faith on the part of police before the fundamental fairness requirement of the Due Process Clause is deemed violated); Merck v. State, 664 So.2d 939 (Fla.1995) (a criminal defendant must show that the police acted in bad faith in failing to preserve potentially exculpatory evidence to prove a due process violation); State v. Durkee, 584 So.2d 1080 (Fla. 5th DCA), dismissed, 592 So.2d 682 (Fla.1991); Louissaint v. State, 576 So.2d 316 (Fla. 5th DCA 1990). The trial judge specifically found no bad faith and a lack of wilfulness.
REVERSED.
COBB and HARRIS, JJ., concur.