727 So.2d 1013 (1999)
Andrew J. MORRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1230.
District Court of Appeal of Florida, Fifth District.
February 12, 1999.
*1014 James B. Gibson, Public Defender, and M.A. Lucas, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Michael D. Crotty, Assistant Attorney General, Daytona Beach, for Appellee.
HARRIS, J.
The supreme court, having determined that a motion for judgment of acquittal made at the conclusion of the state's case is not waived by failing to renew the motion at the conclusion of all the evidence, has remanded this case to us to review the issue as to whether the trial court erred in not granting the motion for judgment of acquittal.
Because we agree that on the merits the trial court was correct in not granting the motion, we affirm on this issue.
In a circumstantial evidence case, such as this, in order to survive a motion for judgment of acquittal the state is required only to introduce competent evidence inconsistent with the defendant's theory of the case. State v. Law, 559 So.2d 187 (Fla.1989). It was appellant's theory that the cocaine found at the scene had never been in his possession.
To rebut this theory, the state introduced the following evidence:
1. When Morris fled, two officers noticed that his pants pockets were tucked inside his pants and his hands were empty.
2. When Morris was apprehended, the officers found near him a cassette tape, some Juicy Fruit gum, forty cents in change, and a plastic baggie containing crack cocaine.
3. Although the area was wet with rain which had fallen during the preceding half hour, these items were dry.
4. Morris was chewing Juicy Fruit gum when he was apprehended.
5. When Morris was apprehended, the officers noticed that his pants pockets were turned outside his pants.
This evidence, collectively, satisfied the state's burden to introduce evidence inconsistent with the defendant's theory of the case and justified the denial of the motion for judgment of acquittal.
AFFIRMED.
COBB and W. SHARP, JJ., concur.