PER CURIAM.
Affirmed. While appellant claims that the trial court erred in instructing the jury over defense objection on improper exhibition of a weapon, a lesser included offense to aggravated assault, there was evidence presented at trial to support the instruction. See Wilcott v. State, 509 So.2d 261, 262 (Fla.1987). Thus, no error occurred.
Secondly, there was no error in refusing to dismiss the case based on appellant’s claim that the police destroyed exculpatory evidence. Since the trial court could not determine that the evidence would have been exculpatory, a due process violation justifying dismissal of the case would arise only if there is a finding of bad faith in failing to preserve evidence. See Merck v. State, 664 So.2d 939, 942 (Fla.1995); State v. Daniels, 699 So.2d 837, 839 (Fla. 4th DCA 1997); State v. Erwin, 686 So.2d 688, 689 (Fla. 5th DCA 1996). Here, there was no showing whatsoever of any bad faith on the part of the state or the police.
Affirmed.
WARNER, KLEIN and TAYLOR, JJ., concur.