W. SHARP, J.
Durham appeals from the trial court’s order withholding adjudication of guilt and sentencing him for sale of cocaine[1] and possession of cocaine.[2] We affirm.
Durham’s first point on appeal is that the state destroyed exculpatory evidence thereby depriving him of due process.[3] The evidence disclosed that Durham was arrested after a controlled purchase of cocaine by an undercover policewoman. She had been supplied with a listening device to enable other agents to hear her conversation with Durham, but it failed to work. The agents monitoring the transaction could hear the undercover agent initially, but then they heard nothing but static. The tape was later destroyed.
At the close of the state’s case defense counsel moved to dismiss the charges because the tape had been destroyed by the state. However, Durham made no showing the tape contained exculpatory evidence and all indications were that it was useless to prove a case for or against Durham. Further, Durham failed to establish any basis to show bad faith on the part of the state in destroying the tape. See Arizona v. Youngblood, 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988); State v. Erwin, 686 So.2d 688 (Fla. 5th DCA 1996); Louissaint v. State, 576 So.2d 316 (Fla. 5th DCA 1990).
Second, Durham argues that the trial court erred in denying his motion for judgment of acquittal because there was a reasonable doubt about his guilt, based in large part upon his showing of mistaken identity. However it appears the state introduced sufficient evidence to rebut Durham’s theory of mistaken identification. The undercover police officer identified him as the person from whom she had just purchased cocaine, and a marked $20.00 bill used by the policewoman to buy cocaine was found on his person shortly after the transaction. This evidence was sufficient to withstand Durham’s motion for judgment of acquittal. Morris v. State, 727 So.2d 1013 (Fla. 5th DCA 1999); *479 Forestal v. State, 724 So.2d 697 (Fla. 5th DCA 1999).
Finally, Durham asserts the sentence he received on count two is illegal because it exceeds the statutory maximum of five years for a third degree felony. On count one (sale of cocaine), Durham was sentenced to ninety days in county jail, followed by two years community control, followed by five years drug offender probation. However, for count two (possession of cocaine), Durham was sentenced to a concurrent term of ninety days in county jail, followed by two years community control, followed by “balance of five years total on drug offender probation.” The trial judge was clearly aware that five years was the statutory maximum for this offense and therefore only sentenced Durham to 90 days in jail, plus two years community control, plus drug offender probation for whatever time was left for the five year maximum time limit.
AFFIRMED.
DAUKSCH and COBB, JJ, concur.

. § 893.13(l)(a)l., Fla. Stat.

. § 893.13(6)(a), Fla. Stat.

. California v. Trombetta, 467 U.S. 479, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984).